# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

---

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [14]

## I.  Introduction

Plaintiff Latrina Phillips, individually and on behalf of other members of the public similarly situated, brings this action against Defendants Roadrunner Intermodal Services, LLC ("RIS"), Morgan Southern, Inc. d/b/a Morgan Southern Trucking ("Morgan Southern"), and Does 1-100 (together, "Defendants"), for violations of California Labor Code §§ 226, 226.3, 226.7, 226.8, 2753, 2802, 17200 et seq.  Dkt 1, Exhibit A, 6-10.  Essentially, the Plaintiff claims that she was misclassified by the Defendants as an independent contractor instead of an employee and thus was denied certain rights under California wage and hour laws.  *Id*. at 6.

Presently before the Court is Defendants' Motion for Summary Judgment wherein the Defendants seek a finding that all of the Plaintiff's claims are preempted by the Federal Aviation Administration Authorization Act (FAAAA).  49 U.S.C. § 14501(c).  Dkt. 14.  For the reasons stated below, the Motion for Summary Judgment is DENIED.

## II.  Factual and Procedural Background

Although several key facts regarding the circumstances of Ms. Phillips' employment with the Defendants are in dispute, the facts relevant to the Motion for Summary Judgment presently before the Court are largely undisputed.  Ms. Phillips is a professional truck driver, who obtained her commercial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

driver's license ("CDL") prior to approaching Morgan Southern about hauling freight. Morgan Southern is a motor carrier with federally issued interstate operating authority. Ms. Phillips entered into a contract with Morgan Southern on or about March 29, 2015, pursuant to which she leased her truck along with a qualified driver (herself) to operate that truck and move freight under Morgan Southern's operating authority.[1] After four months, Ms. Phillips terminated her contract with Morgan Southern and stopped hauling freight under its authority. Subsequently, on January 8, 2016, Ms. Phillips brought suit against the Defendants in California Superior Court for violations of California's wage and hour laws, specifically arguing that she was misclassified as an independent contractor and should be entitled to the rights of an employee under the California Labor Code ("CLC").[2] Dkt. 1, Exhibit A. On February 16, 2016, the Defendants removed the action from state court to federal court.[3] *Id*. at 6. On May 20, 2016, Defendants moved for summary judgment, asserting that Plaintiff's state law claims are preempted by the FAAAA and thus cannot be brought against the Defendants.

Whether Ms. Phillips is properly classified as an employee or independent contractor is beyond the scope of this motion. Therefore, issues of contract unconscionability, employee classification, or the applicability of wage and hour laws to the Plaintiff will not be considered. Rather, this motion is limited to whether all reclassification claims under California state law are generally preempted by the FAAAA, and the Court will only rule on this narrow question. Arguments and disputed facts regarding how Ms. Phillips should be classified under California law will not be considered at this time. Whether the FAAAA preempts reclassification does not depend on evidentiary findings, as the Defendants' motion contends that all claims of the type brought by Ms. Phillips are facially preempted by the FAAAA.

---

[1] The Plaintiff and Defendants dispute the circumstances surrounding the Plaintiff's signing of the employment agreement and the implications of the signing on the classification of the Plaintiff as an independent contractor or employee. Although these disputed facts would be relevant to a Motion for Summary Judgment involving whether Ms. Phillips was an employee or an independent contractor, the facts do not affect the federal preemption question presently before the Court. Therefore, the disputed facts are not relevant to the present Motion for Summary Judgment based on the issue of federal preemption.

[2] The Plaintiff's claims allege that the Defendants willfully misclassified her as an independent contractor in violation of CLC § 226.8, failed to reimburse necessary business expenses in violation of CLC § 17200 et seq, failed to provide required paperwork and paystubs in violation of CLC § 226, failed to provide required meal and rest breaks in violation of CLC §226.7, and failed to indemnify her for necessary expenditures or losses incurred in violation of CLC § 2802.

[3] The Defendants removed the case under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

### III. Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. However, no genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

It is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. *Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

### IV. Discussion

#### A. The Legal Framework of FAAAA Preemption

The FAAAA was passed by Congress in 1994 to deregulate state regulation of trucking. The preemption language was based on the air-carrier preemption provision of the Airline Deregulation Act of 1978 ("ADA"). In order to accomplish such deregulation, Congress included within the FAAAA a preemption provision that reads, "a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier … with respect to the transportation of property." 49 USCS § 14501(c)(1). The intent of this deregulation was to ensure the trucking industry relied on free market forces in order to encourage efficiency and competition. *See Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 371 (2008). As a result, the FAAAA has a broad preemptive scope, *see Morales v. Trans World Airlines*, 504 U.S. 374, 384 (1992), and preempts any claim that "has a connection with, or reference to [a carrier's] prices, routes or services." *Northwest, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

*v. Ginsberg*, 134 S. Ct. 1422 (2014) ("*Ginsberg*"). Finally, this connection or reference may be direct or indirect. *See Dan's City Used Cars, Inc. v. Pelkey*, 133 S. Ct. 1769, 1778 (2013) (quoting *Rowe*, 552 U.S. at 370) (internal quotation marks omitted).

However, the FAAAA's preemption scope is not unlimited. Firstly, although the language of the FAAAA tracks closely with the language of the ADA, Congress added the words "with respect to the transportation of property" to the FAAAA, and therefore the added language should be seen as a significant limitation on the FAAAA's preemptive scope. *See Dan's City*, 133 S. Ct. at 1773. Consequently, a plaintiff's claims are not preempted simply because the state law relates to the "price, route, or service" of a motor carrier in any capacity, but rather the law must also concern a motor carrier's "transportation of property." *Id.*

Second, the FAAAA "does not preempt state laws affecting carrier prices, routes, and services "in only a 'tenuous, remote, or peripheral . . . manner.'" *Rowe*, 552 U.S., at 371, 128 S. Ct. 989, 169 L. Ed. 2d 933 (quoting *Morales*, 504 U.S., at 390, 112 S. Ct. 2031, 119 L. Ed. 2d 157). Rather, preemption occurs where the law in question has a "significant impact" related to Congress's deregulatory and preemption-related objectives, whether direct or indirect. *Rowe*, 552 U.S. at 370-71.

Importantly, the Ninth Circuit has said that California's meal and rest break laws are not the sorts of laws related to prices, routes, or services that Congress intended to preempt by passing the FAAAA. *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 647 (9th Cir. 2014). The Ninth Circuit held that the meal and rest break laws, as common background regulations applying to almost all employers doing business in the state of California, did not set prices, mandate or prohibit certain routes, or tell motor carriers what services they may or may not provide, either directly or indirectly, and therefore were not preempted by the FAAAA. *Id.* In other words, while applying the meal and rest break laws to motor carriers may increase the cost of doing business, such an added cost does not rise to the level of a "significant impact" on prices, routes, or services as required for a finding of preemption. *Id.*

### B. Analysis

#### 1. The Plaintiff's Claims Involve the "Transportation of Property"

The FAAAA specifies that a claim is only preempted if the relevant law concerns a motor carrier's "transportation of property." *See Dan's City*, 133 S. Ct. at 1773. Because of the language that Congress

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

added specifically to the FAAAA but not the ADA, a finding that the state law underlying the plaintiff's claim does not involve the transportation of property would end the preemption analysis, as the FAAAA's preemption language would be inapplicable. *See id.* Therefore, the first analysis must be whether the Plaintiff's claims relate to the transportation of property before evaluating other issues.

The Plaintiff argues that although her professional duties for Morgan Southern related to the "transportation of property," her claims do not. *See* Dkt. 19, 5. Her claims arise under the California Labor Code and involve the classification of workers as employees or independent contractors, as well as assorted provisions that protect employees, such as reimbursement and meal and rest periods. Generally applicable wage and hour laws do not implicate the concerns that Congress had when deciding to deregulate the motor carrier industry, and therefore claims brought under such general provisions do not specifically implicate the Defendants "transportation of property." *Id*.

Despite the fact that the Plaintiff's claims do not invoke the transportation of property on their face, they still involve the transportation of property for purposes of the FAAAA. The Plaintiff's claims concern her employment, the circumstances surrounding the start of her employment, and actions she took during the course of her employment. *See* Dkt. 1, 5-10. Further, every aspect of the Plaintiff's job concerned the transportation of property. She was a truck driver who hauled freight, and Plaintiff does not point to a single aspect of her job that did not in some way involve the transportation of property. Therefore, because the Plaintiff's claims exclusively concern her employment, and her employment exclusively concerned the transportation of property, this Court finds that for the purposes of FAAAA preemption, the Plaintiff's claims concern the transportation of property. How a motor carrier hires and treats its employees is fundamentally intertwined with its business of transporting property. It would be illogical to find that the state law claims themselves do not concern the transportation of property when most, if not all, of the issues and facts in this case involve such transportation.

The Plaintiff's reliance on *Dan's City* is misguided. In that case, the Supreme Court found that an unfair competition claim did not involve the transportation of property because the transportation had completely ended before the Defendant's unlawful conduct even began. The motor carrier in question was a tow truck, but the unfair competition occurred when the tow truck owner improperly sold a vehicle after it was towed. *Dan's City*, 133 S. Ct. at 1773. Therefore, both the claim itself and the underlying conduct did not concern the transportation of property, and the FAAAA did not preempt the claim. *Id.* As all of the conduct in question in the present case involved the transportation of property, the preemption analysis continues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
| Title | Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100 | | |

### 2. The FAAAA Does Not Preempt the Plaintiff's Misclassification Claim Because Her Claim Does Not "Relate To" Prices, Routes, or Services

In arguing that the FAAAA preempts the Plaintiff's claims because they relate to the prices, routes, or services of a motor carrier, Defendants emphasize the broad preemption language of the FAAAA. They argue that Ms. Phillips wants to use California state law to rewrite the terms of her signed contract, which says that she is an independent contractor. If the misclassification provision of the CLC were preempted, she would have to accept her classification as an independent contractor, and as such she would not be entitled to the rights and protections for employees contained within the CLC.

The Defendants' main argument is that allowing the Plaintiff to reclassify herself as an employee would interfere with the contracting rights of Morgan Southern, and thus impermissibly impact the routes and services of a motor carrier. Dkt. 14, 8. The Supreme Court has said that states cannot impose their own public policies or regulations on the operations of motor carriers because the FAAAA has preempted all state regulation in that area. *See Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 229 n.5 (1995) ("*Wolens*"). For example, the Ninth Circuit suggested it would be "highly likely" that a policy requiring a motor carrier to use employees instead of independent contractors would be preempted, as it would have a significant impact on the costs and business structure of the carrier. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1056 (9th Cir. 2009) ("*ATA*"). Similarly, Defendants argue that allowing the Plaintiff to avoid specific contract provisions in her employment contract and take advantage of California wage and hour laws would significantly impact their business model and thus qualify as the type of regulation Congress meant for the FAAAA to preempt.[4] Importantly, the Ninth Circuit's

---

[4] The Defendants point to several cases in which the Supreme Court found that state policies or laws that altered contract provisions were preempted by the FAAAA or ADA, whereas enforcing bargains between motor carriers and customers was not preempted because private obligations do not constitute state regulation. *See Wolens*, 513 U.S. at 228-29 (holding that breach of contract claims were not preempted under the ADA but that claims brought under a consumer protection fraud act were preempted); *Ginsberg*, 134 S. Ct. at 1427 (holding that a claim involving a violation of the implied duty of good faith and fair dealing was preempted by the ADA). Defendant counsel's argument during oral argument – that *Wolens* and *Ginsberg* stand for the proposition that no state law, no matter how easily it may be followed by Defendants, can change an enforceable contract between a motor carrier and another party – is undercut by the holding in *Dilts*. After *Dilts*, employers have to provide for rest and meal breaks for any workers designated as employees, no matter what the employment contracts state. *See Dilts*, 769 F.3d at 647. Thus, the Ninth Circuit's holding strongly suggests that state policies may alter some contractual agreements involving motor carriers to some extent, if only to ensure that they comply with California wage and hour laws.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

suggestion that the FAAAA preempted a policy forbidding motor carriers from using independent contractors applied to all laws and regulations, regardless of whether they were specifically aimed at motor carriers or whether they were laws of general applicability. *See id.*

The Defendants argue that in passing the FAAAA, Congress intended market forces, not state regulations, to dictate the manner in which motor carriers provide services. Dkt. 14, 9. Any law or regulation that impacts how a motor carrier provides those services, including the decision to use employees or independent contractors, is preempted by the FAAAA, regardless of the goal of the state regulation or the scope of its applicability. According to Defendants, if workers are willing to sign up to be independent contractors for motor carriers, California's policies regarding reclassifying those people as employees is preempted by the FAAAA. *Rowe*, 552 U.S. at 371.

Secondly, the Defendants make clear that they believe that any application of a classification standard is preempted by the FAAAA. They contend that evidence regarding the proper classification of the Plaintiff under California law is irrelevant; any reclassification is preempted by the FAAAA, and thus how the Plaintiff should actually be classified is immaterial to the current motion. *See* Dkt. 20, 2-3. The Plaintiff's employment contract labels her as an independent contractor, the contract's terms support that classification, and any California law or policy that allows the Plaintiff to retroactively alter those terms or classification would constitute impermissible interference with market forces on the motor carrier industry. *See id.* at 3. Similarly, the ease with which the Defendant might satisfy California's test for misclassification is irrelevant, as the application of any standard at all is precisely what the FAAAA preempts. *See* Dkt. 14, 9-10 and cases cited therein.

Unfortunately for the Defendants, the Ninth Circuit does not agree on the proper scope of preemption, especially as it relates to applying California state wage and hour laws to motor carriers. *See Dilts*, 769 F.3d 637. *Dilts* significantly limits the scope of preemption in the area of employment disputes, as the Ninth Circuit held that "California's meal and rest break laws plainly are not the sorts of laws 'related to' prices, routes, or services that Congress intended to preempt. They do not set prices, mandate or prohibit certain routes, or tell motor carriers what services they may or may not provide, either directly or indirectly. They are 'broad law[s] applying to hundreds of different industries' with no other 'forbidden connection with prices[, routes,] and services.'" 769 F.3d at 647 (citing *Air Transport Ass'n of Am. v. City & Cnty. of San Francisco*, 266 F.3d 1064, 1070 (9th Cir. 2001)); *id*. at 644-45 ("Congress did not intend to preempt generally applicable state transportation, safety, welfare, or business rules that do not otherwise regulate prices, routes, or services. Consistent with that instruction, we have held that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

the [Federal Aviation Administration Authorization Act (FAAAA)] does not preempt a state's prevailing wage law, or a state law requiring that towing services obtain express authorization to tow from private property, and that the Airline Deregulation Act does not preempt a generally applicable city anti-discrimination law.") (citations omitted).

The holding in *Dilts* suggests that only state laws that set prices, mandate or prohibit certain routes, or tell motor carriers what services they may or may not provide, either directly or indirectly, will be preempted by the FAAAA. Other laws, including wage and hour laws, were not intended to be preempted. The misclassification statute under which the Plaintiff brings her claim is much closer in type to the wage and hour law at issue in *Dilts* than to laws that set prices, mandate routes, or determine services. Therefore, following the reasoning in Dilts, a misclassification claim is not preempted for the same reason that meal and rest breaks were not preempted.

Importantly, if the Plaintiff eventually wins her misclassification argument, the result is not that the Defendants must use only employees to drive its trucks rather than independent contractors. As discussed above, the Ninth Circuit has suggested in dicta that such a requirement likely would result in preemption. *See ATA*, 559 F.3d at 1056 (stating that it would be "highly likely" that a policy forcing a motor carrier to use only employees would be preempted). Instead, Defendants may still hire both independent contractors and employees to drive its trucks, as long as it classifies those workers correctly according to California law, based on how the employer interacts with those workers. The business model of the Defendants need not change, but whichever business model Defendants choose must be consistent with California labor law. In other words, granting meal and rest breaks and classifying workers correctly are both general labor policies adopted by California to protect workers, and since the meal and rest break provision is not preempted in *Dilts*, the misclassification provision is not preempted in the present case.

To be sure, if the Plaintiff wins on her assorted labor claims, the Defendants' cost of doing business likely will increase due to the added benefits they must bestow on the Plaintiff and similarly situated workers. However, the Ninth Circuit specifically held that generally applicable background regulations that are several steps removed from prices, routes, or services are not preempted even if they "raise the overall cost of doing business or require a carrier to re-direct or reroute some equipment" because the carriers are still the ultimate decision-makers as to the prices, routes, and services offered to their customers. *Dilts*, 769 F.3d. at 647. Granting meal and rest breaks undoubtedly increased the costs of motor carriers, and yet the Ninth Circuit did not find such claims were preempted by the FAAAA.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

Similarly, although a Plaintiff's victory may lead the Defendants to make changes to their business model to mitigate increased costs, the claim is still not preempted because it would be the Defendants making those decisions. For example, the Defendants may decide to keep the same business structure while granting the benefits required under the CLC, or they may decide to not employ people in the same manner they did the Plaintiff because the costs would be unacceptably high. Either way, the Defendants would be making the choice; it would not be the CLC dictating the decision for them.

Moreover, the Defendants have not shown that reclassifying drivers would have a significant effect on their business. Morgan Southern already utilizes both owner-operators (like the Plaintiff) and company drivers, who are certified drivers that do not have or do not wish to lease a truck to the company and are classified as employees. Dkt. 14, 3. Therefore, Defendants already classify some of their drivers as employees, and presumably follow all of California's labor laws in doing so. Owner-operators and company drivers also appear interchangeable in the Defendants' business model. Consequently, if the Plaintiff and other owner-operators were reclassified as employees, the only change to the Defendants' business would be that they would have to grant the same rights and protections to their owner-operators as they do to their company drivers. Thus, the Defendants have not met their burden to show that reclassification will affect their business in a way that relates to prices, routes, or services.

Finally, requiring motor carriers to properly classify their employees does not create a patchwork of state service-determining laws. The Supreme Court has held that part of the purpose of prohibiting state regulation of the motor carrier industry was to avoid "a patchwork of state service-determining laws, rules, and regulations." *Rowe*, 552 U.S. at 368 (quoting *Morales*, 504 U.S. at 378). Congress sought to ensure that prices, routes, and services would be left to market forces rather than potentially wide-ranging and variable state regulations that could lead to significant inefficiencies. *See id.* at 371. However, California's labor laws largely mirror those in the majority of the states, and although the exact mechanism of classification[5] may be different from state to state, the "patchwork" concerns of Congress are not implicated in much the same way that those concerns are not implicated by state wage laws, *see Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1189 (9th Cir. 1998), or meal and rest benefits, *see Dilts*, 769 F.3d. at 647.

Although Defendants rightfully call attention to the fact that the First Circuit has spoken on the

---

[5] For example in California, the test for the classification of employees and independent contractors is found in *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341 (1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

issue of reclassification of workers and ruled in favor of preemption, the unique facts in the First Circuit cases combined with current Ninth Circuit jurisprudence sufficiently distinguish this case from the First Circuit's. *See Mass. Delivery Ass'n v. Coakley*, 769 F.3d 11 (1st Cir. 2014); *Schwann v. FedEx Ground Package Sys., Inc.*, 813 F.3d 429 (1st Cir. 2016). In both cases, delivery workers who were classified as independent contractors by their employers sued under the Massachusetts classification statute in order to be reclassified as employees. However, the First Circuit held that such a reclassification both involved the defendants' "transportation of property" under the FAAAA and would have a significant impact on the defendants' prices, routes, and services. Namely, forcing the motor carriers to reclassify their couriers as employees would increase costs and therefore prices, affect the services they could provide by dictating the business structures they could and could not use, and possibly change the routes the drivers used because employees have different incentives from independent contractors. Consequently, reclassifying drivers as employees related to the Defendants' prices, routes, and services, and thus suits brought under the Massachusetts reclassification statute are preempted by the FAAAA.

However, the present case is clearly distinct from the First Circuit cases, both in fact and in law. In *Schwann*, the First Circuit held that reclassifying workers as employees would create the patchwork of laws that Congress sought to avoid, in part because the Massachusetts classification law specifically abrogated the common-law rule on classification and was relatively novel compared to classification laws in other states. *See Schwann*, 813 F.3d at 438. On the other hand, as described above, California's common-law test to classify employees presents no such concern. Additionally, the First Circuit found that the FAAAA prohibited using state policy to force motor carriers to alter their business models. *Id*. at 432. In *Schwann*, FedEx utilized a model whereby independent contractors would perform what is called "first-and last-mile" pick-up and delivery services to customers. *Id*. Fed-Ex's business structure depended on its ability to use independent contractors for these specific services, and therefore any reclassification of the first-and-last mile drivers would likely force a change of services provided by FedEx, thus supporting a finding of preemption. Such a configuration depended on independent contractors to a much greater degree than the model utilized by the Defendants in this case, who use both employees and independent contractors to perform the same duties. *See* Dkt. 14, 3. Finally, First Circuit jurisprudence had already established the relatively low level of interference required to find preemption before it addressed the issue of reclassification. *See DiFiore v. Am. Airlines, Inc.*, 646 F.3d 81, 88 (1st Cir. 2011) (holding that a state tips law directly regulated how an airline service was performed and therefore preempted under the ADA). However, Ninth Circuit precedent has already found that background wage and hour laws do not directly regulate the services of motor carriers, see *Dilts*, 769 F.3d 637, and for the intents and purposes of this case, the reclassification provision of the CLC is precisely that

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01072-SVW-MRW | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Latrina Phillips v. Roadrunner Intermodal Services; Morgan Southern, Inc.; Does 1-100* | | |

type of law. Therefore, for all of the reasons stated above, the present case, when considered under Ninth Circuit precedent, is sufficiently distinguishable that the Court does not find the First Circuit cases persuasive.[6]

For the above reasons, this Court does not find the California misclassification provision preempted by the FAAAA. The provision is meant to protect workers from being classified as independent contractors while being treated as employees. The application of the provision to motor carriers does not forbid carriers from using independent contractors in their business model. Rather, it merely requires that carriers properly classify their workers under California state law. If the misclassification provision were preempted, the holding in *Dilts* would be severely weakened, as carriers could avoid providing any meal and rest breaks guaranteed to workers in *Dilts* simply by classifying their employees as independent contractors, thereby avoiding all review of that classification. The Court declines to issue such a holding, and the Motion for Summary Judgment is denied.

V.  Order

For the foregoing reasons, the Court DENIES the Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

---

[6] The differences in how the First Circuit and Ninth Circuit approach preemption within the context of reclassification of independent contractors are highlighted by two California district court opinions that have also found that reclassification is not preempted by the FAAAA under Ninth Circuit precedent. *See Villalpando v. Exel Direct Inc.*, 2015 U.S. Dist. LEXIS 118065, 2015 WL 5179486 (N.D. Cal. Sept. 3, 2015) (holding that wage and hour claims were not preempted because the employer could not avoid wage and hour rules by requiring drivers to enter into contracts calling them independent contractors while they were treated as employees); *Robles v. Comtrak Logistics, Inc.* 2014 WL 7335316, at *1 (E.D. Cal. Dec. 19, 2014) (holding that a truck driver's misclassification claim is not preempted because forcing a motor carrier to properly classify its drivers does not create the same interference as explicitly forcing a carrier to classify all drivers as employees).

: _____
Initials of Preparer
PMC